IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| OLIVIA SAENZ AND ABEL SAENZ | § | |
| *Plaintiffs,* | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:25-cv-00383-DB |
| | § | |
| STATE AUTO INSURANCE | § | |
| COMPANIES AND LIBERTY MUTUAL | § | |
| INSURANCE COMPANY, | § | |
| *Defendants.* | § | |

**DEFENDANT LIBERTY MUTUAL INSURANCE COMPANY'S FIRST AMENDED
ANSWER AND DEFENSES TO PLAINTIFFS' ORIGINAL PETITION**

Defendant Liberty Mutual Insurance Company ("Defendant") files this First Amended Answer and Defenses to Plaintiffs' Original Petition (Doc. No. 1-1), and would respectfully show as follows:

**A.**
**DEFENDANT'S FIRST AMENDED ANSWER TO PLAINTIFFS' ORIGINAL
PETITION**

Defendant makes the following admissions and denials to Plaintiffs Olivia Saenz and Abel Saenz's ("Plaintiffs") claims as authorized by Federal Rule of Civil Procedure 8(b):

**I.**
**DISCOVERY CONTROL PLAN**

1.01  Paragraph 1.01 of Plaintiffs' Original Petition concerns the level of discovery in this case under the Texas Rules of Civil Procedure and does not require a response from Defendant. Defendant submits that discovery in this case is governed by the Federal Rules of Civil Procedure and this Court's Orders.

**EXHIBIT
A**

## II.
## PARTIES

2.01  Based upon information and belief, Defendant admits the allegations set forth in Paragraph 2.01 of Plaintiffs' Original Petition. Answering further, Plaintiffs are individuals residing in the State of Texas and who have the requisite intent to establish Texas as their current and future domicile such that Plaintiffs are citizens of Texas for diversity jurisdiction purposes.

2.02  Defendant denies that "State Auto Insurance Companies" is any legal entity capable of being sued, and therefore does not have citizenship.  Answering further, the entity that issued the insurance policy forming the basis of this lawsuit is Meridian Security Insurance Company, a member of the State Auto family of companies. Defendant submits that Meridian Security Insurance Company is organized under the laws of Indiana and maintains its principal place of business in Indiana such that Defendant is a citizen of Indiana for diversity jurisdiction purposes. Defendant denies the remaining allegations set forth in paragraph 2.02 of Plaintiffs' Original Petition.

2.03  Defendant denies that Liberty Mutual Insurance Company is to be considered a citizen of the State of Texas. Liberty Mutual Insurance Company is organized under the laws of Massachusetts and maintains its principal place of business in Massachusetts, such that Liberty Mutual Insurance Company is a citizen of Massachusetts for diversity jurisdiction purposes. Liberty Mutual Insurance Company has been served, has appeared, and has answered in this matter.  Liberty Mutual Insurance Company did not issue the policy at issue in this lawsuit and is not the proper defendant. Defendant denies the remaining allegations set forth in paragraph 2.02 of Plaintiffs' Original Petition.

## III.

**JURISDICTION AND VENUE**

3.01  Paragraph 3.01 of Plaintiffs' Original Petition addresses subject-matter jurisdiction in Texas state court and does not require a response from Defendant. To the extent a response is required, Defendant admits that the United States District Court for the Western District, El Paso Division, has diversity jurisdiction over this lawsuit.

3.02  Paragraph 3.02 of Plaintiffs' Original Petition addresses jurisdiction in Texas state court and does not require a response from Defendant. To the extent a response is required, Defendant admits that the United States District Court for the Western District, El Paso Division, has diversity jurisdiction over this lawsuit. Defendant denies that Plaintiffs are entitled to the monetary relief Plaintiffs seek in this case. Defendant further denies the remaining allegations contained in Paragraph 3.02 of Plaintiffs' Original Petition.

3.03  Paragraph 3.03 of Plaintiffs' Original Petition addresses jurisdiction in Texas state court and does not require a response from Defendant. To the extent a response is required, Defendant admits that the United States District Court for the Western District, El Paso Division, has diversity jurisdiction over this lawsuit.

3.04  Paragraph 3.04 of Plaintiffs' Original Petition addresses venue in Texas state court and does not require a response from Defendant. To the extent a response is required, Defendant admits that venue is proper in the United States District Court for the Western District, El Paso Division. Defendant further admits that the residential property at issue is situated in El Paso County, Texas, which is located in the El Paso Division of the Western District of Texas. Defendant denies the remaining allegations contained in Paragraph 3.04 of Plaintiffs' Original Petition.

**IV.**

**CONDITIONS PRECEDENT**

4.01  Defendant denies the allegations set forth in Paragraph 4.01 of Plaintiffs' Original Petition.

**V.**
**PRELMINARY INFORMATION**

5.01  Section V - Preliminary Information includes five defined terms used in Plaintiffs' Original Petition and requires no response from Defendant. To the extent a response is required, Defendant admits that the policyholders are Plaintiffs Olivia and Abel Saenz. Defendant further admits that the policy was issued by Meridian Security Insurance Company to Plaintiffs under policy number 1001530462, which provided insurance for the property located at 5784 Hank Aaron Dr., El Paso, TX 79934 in effect during the policy period of September 5, 2022 to September 5, 2023 (the "Policy"), subject to the terms, conditions, exclusions and limitations of the Policy. Defendant admits that 5784 Hank Aaron Dr., El Paso, TX 79934 (the "Property") is an insured property under the Policy. Defendant admits that this case involves an insurance claim for alleged damage to the Property which Plaintiff alleges occurred on August 12, 2023, and to which Defendant assigned claim number PR-0000000-520997. Defendant denies the remaining allegations in Paragraph 5.01 of Plaintiffs' Original Petition.

**VI.**
**FACTUAL BACKGROUND**

6.01  Defendant admits that on November 1, 2023, Plaintiffs reported an insurance claim to Defendant alleging that an August 12, 2023 weather event damaged the Property to which Defendant assigned claim number PR-0000000-520997 (the "Claim"). Defendant denies the remaining allegations set forth in Paragraph 6.01 of Plaintiffs' Original Petition.

6.02  Defendant admits that the Property is insured under the Policy. Upon information and belief, Defendant admits that Plaintiffs own the Property. Defendant denies the remaining allegations set forth in Paragraph 6.02 of Plaintiffs' Original Petition. Defendant specifically denies that "State Auto Insurance Companies" issued the Policy.

6.03  Defendant admits it assigned number PR-0000000-520997 to the Claim. Defendant denies the remaining allegations set forth in Paragraph 6.03 of Plaintiffs' Original Petition.

6.04  Defendant denies the allegations set forth in Paragraph 6.04 of Plaintiffs' Original Petition.

6.05  Defendant denies the allegations set forth in Paragraph 6.05 of Plaintiffs' Original Petition.

6.06  Defendant denies the allegations set forth in Paragraph 6.06 of Plaintiffs' Original Petition.

6.07  Defendant denies the allegations set forth in Paragraph 6.07 of Plaintiffs' Original Petition.

6.08  Defendant denies the allegations set forth in Paragraph 6.08 of Plaintiffs' Original Petition.

6.09  Defendant denies the allegations set forth in Paragraph 6.09 of Plaintiffs' Original Petition.

6.10  Defendant denies the allegations set forth in Paragraph 6.10 of Plaintiffs' Original Petition.

6.11  Defendant denies the allegations set forth in Paragraph 6.11 of Plaintiffs' Original Petition.

6.12  Defendant denies the allegations set forth in Paragraph 6.12 of Plaintiffs' Original Petition.

6.13  Defendant denies the allegations set forth in Paragraph 6.13 of Plaintiffs' Original Petition.

6.14  Defendant denies the allegations set forth in Paragraph 6.14 of Plaintiffs' Original Petition.

6.15  Defendant denies the allegations set forth in Paragraph 6.15 of Plaintiffs' Original Petition.

6.16  Defendant denies the allegations set forth in Paragraph 6.16 of Plaintiffs' Original Petition.

6.17  Defendant denies the allegations set forth in Paragraph 6.17 of Plaintiffs' Original Petition.

6.18  Defendant denies the allegations set forth in Paragraph 6.18 of Plaintiffs' Original Petition.

6.19  Defendant denies the allegations set forth in Paragraph 6.19 of Plaintiffs' Original Petition.

6.20  Defendant denies the allegations set forth in Paragraph 6.20 of Plaintiffs' Original Petition.

6.21  Paragraph 6.21 of Plaintiffs' Original Petition contain several legal conclusions which require no response from Defendant. Defendant denies the remaining allegations set forth in Paragraph 6.21 of Plaintiffs' Original Petition.

6.22 Paragraph 6.22 of Plaintiffs' Original Petition contain several legal conclusions which require no response from Defendant. Defendant denies the remaining allegations set forth in Paragraph 6.22 of Plaintiffs' Original Petition.

6.23 Paragraph 6.23 of Plaintiffs' Original Petition contain several legal conclusions which require no response from Defendant. Defendant denies the remaining allegations set forth in Paragraph 6.23 of Plaintiffs' Original Petition.

6.24 Paragraph 6.24 of Plaintiffs' Original Petition contain several legal conclusions which require no response from Defendant. Defendant denies the remaining allegations set forth in Paragraph 6.24 of Plaintiffs' Original Petition.

## VII.

## Breach and Anticipatory Breach of Contract

7.01 Paragraph 7.01 of Plaintiffs' Original Petition contains a reference to the foregoing paragraphs for incorporation and does not require a response by Defendant. To the extent that a response is required, Defendant reasserts its admissions and denials set forth in the foregoing Paragraphs of this Answer. Defendant denies the remaining allegations set forth in Paragraph 7.01 of Plaintiffs' Original Petition.

7.02 Defendant denies the allegations set forth in Paragraph 7.02 of Plaintiffs' Original Petition.

7.03 Defendant denies the allegations set forth in Paragraph 7.03 of Plaintiffs' Original Petition.

7.04 Defendant denies the allegations set forth in Paragraph 7.04 of Plaintiffs' Original Petition.

7.05  Defendant denies the allegations set forth in Paragraph 7.05 of Plaintiffs' Original Petition.

7.06  Defendant denies the allegations set forth in Paragraph 7.06 of Plaintiffs' Original Petition.

## VIII.

## Noncompliance with Texas Insurance Code Chapter 542: "The Prompt Payment of Claims Act"

8.01  Paragraph 8.01 of Plaintiffs' Original Petition contains a reference to the foregoing paragraphs for incorporation and does not require a response by Defendant. To the extent that a response is required, Defendant reasserts its admissions and denials set forth in the foregoing Paragraphs of this Answer.

8.02  Defendant denies the allegations set forth in Paragraph 8.02 of Plaintiffs' Original Petition.

8.03  Defendant denies the allegations set forth in Paragraph 8.03 of Plaintiffs' Original Petition.

8.04  Defendant denies the allegations set forth in Paragraph 8.04 of Plaintiffs' Original Petition.

## IX.

## Breach of the Duty of Good Faith and Fair Dealing

9.01  Paragraph 9.01 of Plaintiffs' Original Petition contains a reference to the foregoing paragraphs for incorporation and does not require a response by Defendant. To the extent that a response is required, Defendant reasserts its admissions and denials set forth in the foregoing Paragraphs of this Answer.

9.02  Defendant denies the allegations set forth in Paragraph 9.02 of Plaintiffs' Original Petition.

## X.

### **Deceptive Trade Practices & Unconscionable Conduct – Knowledge and Intent**

10.01  Paragraph 10.01 of Plaintiffs' Original Petition contains a reference to the foregoing paragraphs for incorporation and does not require a response by Defendant. To the extent that a response is required, Defendant reasserts its admissions and denials set forth in the foregoing Paragraphs of this Answer.

10.02   Defendant denies the allegations set forth in Paragraph 10.02 of Plaintiffs' Original Petition.

10.03   Defendant denies the allegations set forth in Paragraph 10.03 of Plaintiffs' Original Petition.

10.04   Defendant denies the allegations set forth in Paragraph 10.04 of Plaintiffs' Original Petition.

10.05   Defendant denies the allegations set forth in Paragraph 10.05 of Plaintiffs' Original Petition.

10.06   Defendant denies the allegations set forth in Paragraph 10.06 of Plaintiffs' Original Petition.

10.07   Paragraph 10.07 of Plaintiffs' Original Petition contains legal conclusions which do not require a response from Defendant. Defendant denies the remaining allegations set forth in Paragraph 10.07 of Plaintiffs' Original Petition, including subparagraphs (a) through (h).

## XI.

**Violations of Texas Prompt Payment of Claims Act: Texas Insurance Code, Chapter 542:**

**Strict Liability with No Good Faith Exception**

11.01   Paragraph 11.01 of Plaintiffs' Original Petition contains a reference to the foregoing paragraphs for incorporation and does not require a response by Defendant. To the extent that a response is required, Defendant reasserts its admissions and denials set forth in the foregoing Paragraphs of this Answer.

11.02   Defendant denies the allegations set forth in Paragraph 11.02 of Plaintiffs' Original Petition.

11.03   Paragraph 11.03 of Plaintiffs' Original Petition contains legal conclusions which do not require a response from Defendant. To the extent a response is required, Defendant denies the allegations set forth in Paragraph 11.03 of Plaintiffs' Original Petition.

11.04   Defendant denies the allegations set forth in Paragraph 11.04 of Plaintiffs' Original Petition.

11.05   Defendant denies the allegations set forth in Paragraph 11.05 of Plaintiffs' Original Petition, including all subparts (a) – (f).

**XII.**

**Unfair Insurance Practices: Texas Insurance Code, Chapter 541**

12.01   Paragraph 12.01 of Plaintiffs' Original Petition contains a reference to the foregoing paragraphs for incorporation and does not require a response by Defendant. To the extent that a response is required, Defendant reasserts its admissions and denials set forth in the foregoing Paragraphs of this Answer.

12.02   Defendant denies the allegations set forth in Paragraph 12.02 of Plaintiffs' Original Petition, including all subparts (a) – (f).

12.03   Defendant denies the allegations set forth in Paragraph 12.03 of Plaintiffs' Original Petition, including all subparts (a) – (j).

12.04   Defendant denies the allegations set forth in Paragraph 12.04 of Plaintiffs' Original Petition, including all subparts (a) – (e).

12.05   Defendant denies the allegations set forth in Paragraph 12.05 of Plaintiffs' Original Petition.

12.06   Defendant denies the allegations set forth in Paragraph 12.06 of Plaintiffs' Original Petition.

12.07   Defendant denies the allegations set forth in Paragraph 12.07 of Plaintiffs' Original Petition.

12.08   Defendant denies the allegations set forth in Paragraph 12.08 of Plaintiffs' Original Petition.

12.09   Defendant denies the allegations set forth in Paragraph 12.09 of Plaintiffs' Original Petition.

12.10   Defendant denies the allegations set forth in Paragraph 12.10 of Plaintiffs' Original Petition.

12.11   Defendant denies the allegations set forth in Paragraph 12.11 of Plaintiffs' Original Petition. Defendant further denies that Plaintiffs are entitled to the relief sought in Paragraph 12.11 of Plaintiffs' Original Petition.

12.12   Defendant denies the allegations set forth in Paragraph 12.12 of Plaintiffs' Original Petition. Defendant further denies that Plaintiffs are entitled to the relief sought in Paragraph 12.12 of Plaintiffs' Original Petition.

12.13    Defendant denies the allegations set forth in Paragraph 12.13 of Plaintiffs' Original Petition. Defendant further denies that Plaintiffs are entitled to the relief sought in Paragraph 12.13 of Plaintiffs' Original Petition.

12.14    Defendant denies the allegations set forth in Paragraph 12.14 of Plaintiffs' Original Petition. Defendant further denies that Plaintiffs are entitled to the relief sought in Paragraph 12.14 of Plaintiffs' Original Petition.

12.15    Defendant denies the allegations set forth in Paragraph 12.15 of Plaintiffs' Original Petition. Defendant further denies that Plaintiffs are entitled to the relief sought in Paragraph 12.15 of Plaintiffs' Original Petition.

12.16    Defendant denies the allegations set forth in Paragraph 12.16 of Plaintiffs' Original Petition. Defendant further denies that Plaintiffs are entitled to the relief sought in Paragraph 12.16 of Plaintiffs' Original Petition.

12.17    Defendant denies the allegations set forth in Paragraph 12.17 of Plaintiffs' Original Petition. Defendant further denies that Plaintiffs are entitled to the relief sought in Paragraph 12.17 of Plaintiffs' Original Petition.

12.18    Defendant denies the allegations set forth in Paragraph 12.18 of Plaintiffs' Original Petition. Defendant further denies that Plaintiffs are entitled to the relief sought in Paragraph 12.18 of Plaintiffs' Original Petition.

12.19    Defendant denies the allegations set forth in Paragraph 12.19 of Plaintiffs' Original Petition. Defendant further denies that Plaintiffs are entitled to the relief sought in Paragraph 12.19 of Plaintiffs' Original Petition.

12.20    Defendant denies the allegations set forth in Paragraph 12.20 of Plaintiffs' Original Petition. Defendant further denies that Plaintiffs are entitled to the relief sought in Paragraph 12.20 of Plaintiffs' Original Petition.

12.21    Defendant denies the allegations set forth in Paragraph 12.21 of Plaintiffs' Original Petition. Defendant further denies that Plaintiffs are entitled to the relief sought in Paragraph 12.21 of Plaintiffs' Original Petition.

12.22    Defendant denies the allegations set forth in Paragraph 12.22 of Plaintiffs' Original Petition. Defendant further denies that Plaintiffs are entitled to the relief sought in Paragraph 12.22 of Plaintiffs' Original Petition.

## XIII.

## Fraud

13.01    Paragraph 13.01 of Plaintiffs' Original Petition contains a reference to the foregoing paragraphs for incorporation and does not require a response by Defendant. To the extent that a response is required, Defendant reasserts its admissions and denials set forth in the foregoing Paragraphs of this Answer.

13.02    Defendant denies the allegations set forth in Paragraph 13.02 of Plaintiffs' Original Petition.

13.03    Defendant denies the allegations set forth in Paragraph 13.03 of Plaintiffs' Original Petition.

13.04    Defendant denies the allegations set forth in Paragraph 13.04 of Plaintiffs' Original Petition.

## XIV.

## Conspiracy to Commit Illegal Acts

14.01   Paragraph 14.01 of Plaintiffs' Original Petition contains a reference to the foregoing paragraphs for incorporation and does not require a response by Defendant. To the extent that a response is required, Defendant reasserts its admissions and denials set forth in the foregoing Paragraphs of this Answer.

14.02   Defendant denies the allegations set forth in Paragraph 14.02 of Plaintiffs' Original Petition.

14.03   Defendant denies the allegations set forth in Paragraph 14.03 of Plaintiffs' Original Petition.

14.04   Defendant denies the allegations set forth in Paragraph 14.04 of Plaintiffs' Original Petition.

## XV.

### TEXAS FINANCE CODE 304.104 CLAIM FOR PRE-JUDGMENT INTEREST

15.01   Defendant denies the allegations set forth in Paragraph 15.01 of Plaintiffs' Original Petition. Defendant denies that Plaintiffs are entitled to the damages and relief sought in Paragraph 15.01 of Plaintiffs' Original Petition.

## XVI.

### BREACH OF CONTRACT

16.01   Paragraph 16.01 of Plaintiffs' Original Petition contains a reference to the foregoing paragraphs for incorporation and does not require a response by Defendant. To the extent that a response is required, Defendant reasserts its admissions and denials set forth in the foregoing Paragraphs of this Answer.

16.02   Defendant admits that it issued the Policy to Plaintiffs as set forth above, subject to the terms, conditions, exclusions and limitations of the Policy. Defendant denies the remaining

allegations set forth in Paragraph 16.02 of Plaintiffs' Original Petition, which are duplicative of Plaintiffs' claims in Sec. VII of the Petition. Defendant further denies that Plaintiffs are entitled to the damages and relief sought in Paragraph 16.02 of Plaintiffs' Original Petition.

16.03   Defendant denies the allegations set forth in Paragraph 16.03 of Plaintiffs' Original Petition, which are duplicative of Plaintiffs' claims in Sec. VII of the Petition. Defendant further denies that Plaintiffs are entitled to the damages and relief sought in Paragraph 16.03 of Plaintiffs' Original Petition.

## XVII.

## NEGLIGENCE

### (All Defendants)

17.01   Paragraph 17.01 of Plaintiffs' Original Petition contains a reference to the foregoing paragraphs for incorporation and does not require a response by Defendant. To the extent that a response is required, Defendant reasserts its admissions and denials set forth in the foregoing Paragraphs of this Answer.

17.02   Defendant denies the allegations set forth in Paragraph 17.02 of Plaintiffs' Original Petition.

17.03   Defendant denies the allegations set forth in Paragraph 17.03 of Plaintiffs' Original Petition.

17.04   Defendant denies the allegations set forth in Paragraph 17.04 of Plaintiffs' Original Petition, including subparts (a) – (b).

## XVIII.
## BREACH OF FIDUCIARY DUTY

18.01   Paragraph 18.01 of Plaintiffs' Original Petition contains a reference to the foregoing paragraphs for incorporation and does not require a response by Defendant. To the extent

that a response is required, Defendant reasserts its admissions and denials set forth in the foregoing Paragraphs of this Answer.

18.02   Defendant denies the allegations set forth in Paragraph 18.02 of Plaintiffs' Original Petition.

18.03   Defendant denies the allegations set forth in Paragraph 18.03 of Plaintiffs' Original Petition.

18.04   Defendant denies the allegations set forth in Paragraph 18.04 of Plaintiffs' Original Petition, including all subparts (a) – (c).

18.05   Defendant denies the allegations set forth in Paragraph 18.05 of Plaintiffs' Original Petition. Defendant denies that Plaintiffs are entitled to the damages and relief sought in Paragraph 18.05 of Plaintiffs' Original Petition.

18.06   Defendant denies the allegations set forth in Paragraph 18.06 of Plaintiffs' Original Petition. Defendant denies that Plaintiffs are entitled to the damages and relief sought in Paragraph 18.06 of Plaintiffs' Original Petition.

## XIX.
## DAMAGES

19.01   Paragraph 19.01 of Plaintiffs' Original Petition contains a reference to the foregoing paragraphs for incorporation and does not require a response by Defendant. To the extent that a response is required, Defendant reasserts its admissions and denials set forth in the foregoing Paragraphs of this Answer.

19.02   Defendant denies the allegations set forth in Paragraph 19.02 of Plaintiffs' Original Petition. Defendant further denies that Plaintiffs are entitled to the damages and relief sought in Paragraph 19.02 of Plaintiffs' Original Petition.

19.03   Defendant denies the allegations set forth in Paragraph 19.03 of Plaintiffs' Original Petition. Defendant further denies that Plaintiffs are entitled to the damages and relief sought in Paragraph 19.03 of Plaintiffs' Original Petition.

19.04   Defendant denies the allegations set forth in Paragraph 19.04 of Plaintiffs' Original Petition, including all subparts (a) – (h). Defendant further denies that Plaintiffs are entitled to the damages and relief sought in Paragraph 19.04 of Plaintiffs' Original Petition, including all subparts (a) – (h).

## XX.
## ATTORNEYS' FEES

20.01   Defendant denies the allegations set forth in Paragraph 20.01 of Plaintiffs' Original Petition. Defendant denies that Plaintiffs are entitled to the damages and relief sought in Paragraph 20.01 of Plaintiffs' Original Petition.

## XXI.
## JURY DEMAND

21.01   Paragraph 21.01 of Plaintiffs' Original Petition is Plaintiffs' demand for a jury trial and does not require a response from Defendant. To the extent a response is required, Defendant joins Plaintiffs' request for a jury trial.

## XXII.
## REQUEST FOR DISCLOSURE

22.01   Paragraph 22.01 of Plaintiffs' Original Petition contains a request for disclosure under the Texas Rules of Civil Procedure, which does not require a response from Defendant. To the extent a response is required, Defendant admits the Federal Rules of Civil Procedure and this Court's Scheduling Order govern discovery in this case.

**XXIII.**
**PRAYER**

23.01   Defendant denies the allegations in the Prayer of Plaintiffs' Original Petition. Defendant further denies that Plaintiffs are entitled to the relief sought in the Prayer of its Original Petition.

**B.**
**DEFENDANT'S DEFENSES TO PLAINTIFFS' ORIGINAL PETITION**

24.   In addition to the foregoing specific denials, Defendant asserts, without limitation, the following defenses:

**First Defense**
**Lack of Contractual Privity**

25.   The insurance policy that forms the basis of Plaintiff's claims and causes of action was not issued by Liberty Mutual Insurance Company. Therefore, Plaintiffs lack contractual privity with Defendant and it was under no contractual, statutory, or common law duty to Plaintiffs with respect to Plaintiffs' claims and causes of action asserted in this lawsuit.

**Second Defense**
**Lack of Coverage Precludes Extra-Contractual Liability**

26.   The existence of coverage for an insurance claim is necessary to establish the basis of claims for violations of the Texas Insurance Code, the DTPA, and the common-law duty of good faith and fair dealing.  Because Defendant did not issue Plaintiffs' insurance policy, the absence of coverage precludes the extra-contractual claims against Defendant as a matter of law.

**Third Defense**
***Bona Fide* Dispute**

27.   Under Texas law, an insured bringing an action against its insurer for an alleged breach of the duty of good faith and fair dealing, whether under the common law or as authorized by statute, must carry the burden of proof to establish that the insurer unreasonably denied or

delayed payment of an insurance claim when the insurer's liability had become reasonably clear. At all times material to the Claim and this lawsuit, Defendant's liability was not "reasonably clear" because it did not issue a policy to Plaintiffs. In other words, nothing more than a *bona fide* coverage dispute exists between the parties, which does not permit Plaintiffs to recover extra-contractual damages in this case.

**Fourth Defense**
**Plaintiff Cannot Maintain Their Chapter 541 Causes of Action against Defendant**

28.    Defendant is not liable to Plaintiffs for violations under Texas Insurance Code section 541.060 because this section prohibits "unfair settlement practices with respect to a claim by an insured or beneficiary." Defendant did not insure the Property at the time of the alleged weather event forming the basis of this lawsuit. Therefore, Defendant is not liable to Plaintiffs for alleged violations of chapter 541of the Texas Insurance Code.

**Fifth Defense**
**Plaintiff Cannot Recover Prompt Payment Penalties Against Defendant**

29.    Defendant is not liable to Plaintiffs for prompt payment penalties under Chapter 542 of the Texas Insurance Code. Section 542.060(a) allows recovery of prompt payment penalties if an insurer "is liable for a claim under an insurance policy." Since Defendant did not issue Plaintiffs' policy at issue in this case, Defendant cannot be liable for Plaintiffs' claim. Accordingly, Defendant does not owe prompt payment penalties under Texas Insurance Code Chapter 542.

**Sixth Defense**
**Proportionate Responsibility & Contribution**

30.    Defendant has denied and continues to deny the allegations raised by Plaintiffs in this lawsuit.  However, to the extent that Defendant is found liable to Plaintiffs for damages, Defendant asserts that Plaintiffs are proportionately responsible for such damages, and that Plaintiffs are

barred from recovering such damages pursuant to Texas Civil Practice & Remedies Code §§ 33.001–.002.

31.    Additionally, Defendant asserts that Plaintiffs' recovery, if any, must be limited or reduced pursuant to Texas Civil Practice & Remedies Code § 33.012. Defendant further asserts that the amount of its liability, if any, is limited by Texas Civil Practice & Remedies Code § 33.013.

**Seventh Defense**
**Failure to Comply with Notice Requirements of Tex. Ins. Code § 542A.003**

32.    Chapter 542A of the Texas Insurance Code applies to Plaintiffs' lawsuit as it is an action on a claim under an insurance policy covering real property that arises from alleged hail and windstorm damage. Plaintiffs failed to give proper notice under Texas Insurance Code § 542A.003, precluding or limiting any right Plaintiffs may have to recover attorney's fees. Specifically, Texas Insurance Code § 542A.003 requires that Plaintiffs provide written notice to Defendant not later than the 61st day before the date Plaintiffs filed an action to which Chapter 542A applies that must include:

(1)    a statement of the acts or omissions giving rise to the claim;

(2)    the specific amount alleged to be owed by the insurer on the claim for damage to alleged to be owed by the insurer on the claim for damage to or loss of covered property; and

(3)    the amount of reasonable and necessary attorneys' fees incurred by the claimant, calculated by multiplying the number of hours actually worked by claimant's attorney, as of the date the notice is given and as reflected in contemporaneously kept time records, by an hourly rate that is customary for similar legal services.

33.    Furthermore, if an attorney or other representative gives the notice required under Chapter 542A, the attorney or representative must:

(1)    provide a copy of the notice to the claimant; and

(2)    include in the notice a statement that a copy of the notice was provided to the claimant.

34.    Neither Plaintiffs' attorneys nor their representatives or attorneys sent presuit notice as required by Tex. Ins. Code § 542A.003. Accordingly, pursuant to Tex. Ins. Code § 542A.007(d), the Court may not award Plaintiffs any attorney's fees incurred after the date Defendant filed its original pleading first asserting this defense. In the alternative, to the extent any pre-suit notice letter is identified, deemed timely and otherwise in compliance with the pre-suit notice requirements under Chapter 542A, the provisions of § 542A.007(a) and (c) may limit or preclude recovery of attorney's fees based on the excessive amounts demanded by Plaintiffs.

**Eighth Defense**
**Statutory Limitations for Punitive Damages**

35.    With respect to Plaintiff's claims for damages, any award of punitive damages must be limited pursuant to the statutory mandates of Texas Civil Practice & Remedies Code §§ 41.002 – 41.009.

**Ninth Defense**
**Due Process and Equal Protection**

36.    To the extent Plaintiffs seek punitive damages against Defendant, Defendant invokes its right under the due process clause of the Fifth Amendment of the United States Constitution as applied to the states through the Fourteenth Amendment of the United States Constitution. Defendant affirmatively pleads that Plaintiffs' pleading of punitive and/or exemplary damages violates the due process clauses of the Fifth and Fourteenth Amendments.

37.    To the extent Plaintiffs seek punitive damages, Defendant asserts that such request should be denied because it violates the equal protection rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution, the provisions of the Eighth

Amendment to the United States Constitution, and the Constitution of the State of Texas, Article I, Sections 13 and 19.

## C. PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendant Liberty Mutual Insurance Company, respectfully requests that Plaintiffs take nothing from Defendant, that Defendant be awarded its reasonable and necessary attorneys' fees and costs, and for such other and further relief to which Defendant may show itself to be justly entitled.

Respectfully submitted,

*/s/ Patrick M. Kemp*
Patrick M. Kemp
Texas Bar No. 24043751
pkemp@smsm.com
Robert G. Wall
Texas Bar No. 24072411
rwall@smsm.com
Segal McCambridge Singer & Mahoney
100 Congress Avenue, Suite 800
Austin, Texas 78701
(512) 476-7834
(512) 476-7832 - Facsimile

**ATTORNEYS FOR DEFENDANT LIBERTY MUTUAL INSURANCE COMPANY**

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that a true and correct copy of the foregoing instrument has been served electronically via CM/ECF on this the 15th day of December, 2025 to:

Garrett J. McLearen
The McLearen Law Firm, PLLC
10228 E NW Hwy, Ste.1140
Dallas, Texas 75238
garrett@mclearenlaw.com

*/s/ Patrick M. Kemp*
Patrick M. Kemp
